UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE MERCIER,
                        **Plaintiff,**

          v.                                                                   1:06-CV-0435
                                                                                    (GLS)(DRH)

GEORGE PATAKI, and THOMAS VOELKLE,
                        **Defendants.**
_____

**APPEARANCES:**

**GEORGE MERCIER**
**Plaintiff,** *pro se*

**GARY L. SHARPE, DISTRICT JUDGE**

## DECISION & ORDER

Presently before the Court is a complaint alleging a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), filed by Plaintiff George Mercier.[1]  Dkt. No. 1.  Plaintiff, a resident of Nevada, also filed an application to proceed *in forma pauperis*.  Dkt. No. 2.  Plaintiff has not paid the statutory filing fee for this action.

For the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.

**I.  Background**

In his complaint, Plaintiff claims that in 1995, Defendant Pataki, the Governor of New York, and Defendant Voelkle, the Chief of Police of Brighton, New York, conspired to steal, and to try to have Plaintiff "put away."  Dkt. No. 1, Complaint at ¶ 1.  Plaintiff alleges that "Yesterday, a visible effect of that agreement surfaced" when Plaintiff returned to his apartment complex and observed an

---

[1] The Court notes that Plaintiff previously filed two other actions in this District.  *See Mercier v. Central Intelligence Agency, et al.*, 5:04-CV-0429 (NAM)(GJD); *Mercier v. The Governor of the State of New York*, 1:06-CV-0350 (GLS)(DRH).  In both cases, the complaint was dismissed for failure to state a claim upon which relief may be granted.  *See* 5:04-CV-0429, Dkt. No. 3; 1:06-CV-0350, Dkt. No. 3.

individual from maintenance removing items from an apartment. *Id.* at ¶ 2. Plaintiff apparently claims that this individual has stolen various items from Plaintiff's apartment.[2] *Id.* at p. 3. Plaintiff seeks the return of the alleged stolen objects. *Id.* at p. 5. For a complete statement of Plaintiff's claims, reference is made to the complaint.

## II.    Discussion

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process. First, the court must determine whether the plaintiff may commence the action without prepaying, in full, the $250.00 filing fee. The court must then consider whether the causes of action stated in the complaint are frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Second Circuit has held that dismissal is also appropriate when an affirmative defense, such as the statute of limitations, is plain from the plaintiff's pleadings. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

In this case, the Court has determined that Plaintiff has satisfied the test of economic need and would be financially eligible to proceed *in forma pauperis*. *See* Dkt. No. 2.

Turning to the second inquiry, Plaintiff filed a complaint alleging a claim under *Bivens*. *Bivens* actions, although not precisely parallel, are the analog to a 42 U.S.C. § 1983 action against state actors,[3] and the constitutional standard of review is the same for either type of action. *See Chin*

---

[2] Plaintiff claims that "[o]ver the years, items stolen have been underwear, bluberries [sic], credit card files, business correspondence, Federal Court files, some hardware and tools, air conditioning supplies, tax forms and correspondence . . . [and] two occupational business licenses." Dkt. No. 1, Complaint at p. 3. Plaintiff also claims that he is missing his "IRAQ and OPEC files," which Plaintiff claims "were background files designed to start the draftsmanship of two books." *Id.*

[3] 42 U.S.C. § 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

2

*v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (noting that there is a "general trend in the appellate courts" to incorporate § 1983 law into *Bivens* cases) (citation omitted); *see also Lombard v. Board of Education*, 784 F.Supp. 1029, 1036 (E.D.N.Y. 1992) (same). *Bivens* actions, as well as actions brought under § 1983, are subject to a three-year statute of limitations. *Platsky v. Studeman et al.*, 829 F.Supp. 567, 570 (E.D.N.Y. 1993) (citations omitted). Here, Plaintiff has named only state officials as Defendants and does not allege any wrongdoing on the part of any federal officials. Thus, the Court deems this matter as seeking relief pursuant to § 1983.

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). In *Pino v. Ryan*, the Second Circuit noted that "ordinarily" the court should not raise the statute of limitations *sua sponte*, however, it was appropriate where the injuries complained of occurred more than five years prior to the filing of the complaint and there were no applicable tolling provisions as a matter of law. 49 F.3d at 54.

In this case, as noted, Plaintiff claims that in 1995, Defendants Pataki and Voelkle conspired to steal, and to try to have Plaintiff "put away." Dkt. No. 1, Complaint at ¶ 1. Thus, the alleged conspiracy occurred, if at all, during or before 1995, which is more than ***ten*** years before this complaint was filed. It appears that Plaintiff was not subject to any alleged continuing violation(s), and there are no events which would toll the statute of limitations. Plaintiff's claims are therefore time-barred.

Since Plaintiff's claims are barred by the applicable statute of limitations, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915.

Plaintiff's remaining claims relate to alleged thefts that occurred in his apartment in Las Vegas, Nevada. Las Vegas is in the District of Nevada. Thus, if the case was not subject to dismissal based on the statute of limitations, it would have been transferred to the District of Nevada.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and it is further

**ORDERED**, that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff.

**It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).**

**IT IS SO ORDERED.**

Dated: April 21, 2006

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge